

**Service of Process Transmittal**
09/23/2021
CT Log Number 540293875

| | |
|---|---|
| **TO:** | Heather Leininger, Manager of Litigation Support<br>Rite Aid Corporation<br>30 Hunter Ln<br>Camp Hill, PA 17011-2400 |
| **RE:** | **Process Served in New Hampshire** |
| **FOR:** | Maxi Drug North, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Ashley Rembis // To: Maxi Drug North, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Notice, Attachments |
| **COURT/AGENCY:** | Rockingham County Superior Court, NH<br>Case # 2182021CV00957 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Concord, NH |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2021 at 12:22 |
| **JURISDICTION SERVED :** | New Hampshire |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benjamin T. King<br>DOUGLAS, LEONARD & GARVEY, P.C.<br>14 South Street, Suite 5<br>Concord, NH 03301<br>603-224-1988 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/23/2021, Expected Purge Date: 09/28/2021<br><br>Image SOP<br><br>Email Notification,  Heather Leininger  hleininger@riteaid.com<br><br>Email Notification,  Tracy Reading  treading@riteaid.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 1/2 Beacon Street<br>Concord, NH 03301<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# Merrimack County Sheriff's Office
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

MAXI DRUG NORTH INC
2 1/2 BEACON ST
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                              DATE: 9·23·2021

    I, DEPUTY JENNIFER L BOUCHER, on this day at 1209 a.m./p.m., summoned the within named defendant MAXI DRUG NORTH INC by leaving at the office of Registered Agent CT Corporation, 2 1/2 Beacon Street, Ste 141, Concord, said County and State of New Hampshire, its true and lawful agent for the service of process under and by virtue of Chapter 293-A, NH RSA as amended, a true and attested copy of this Summons and Complaint.

FEES

    Service  $30.00
    Postage   1.00
    Travel   15.00

TOTAL     $46.00

A TRUE COPY ATTEST:

_Jennifer Boucher_
**DEPUTY BOUCHER**
Merrimack County Sheriff's Office

_signature_
DEPUTY JENNIFER L BOUCHER
Merrimack County Sheriff's Office

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

**Service Copy**

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:      **Ashley Rembis v Maxi Drug North, Inc.**
Case Number:    **218-2021-CV-00957**

Date Complaint Filed: September 14, 2021

A Complaint has been filed against Maxi Drug North, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| October 30, 2021 | Ashley Rembis shall have this Summons and the attached Complaint served upon Maxi Drug North, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| November 20, 2021 | Ashley Rembis shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Maxi Drug North, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Maxi Drug North, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Benjamin T. King, ESQ       Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301
  Maxi Drug North, Inc.        30 Hunter Lane Camp Hill PA  17011

BY ORDER OF THE COURT

September 15, 2021

(126954)

Jennifer M. Haggar
Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Ashley Rembis v Maxi Drug North, Inc.**
Case Number:   **218-2021-CV-00957**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court**. Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to **represent yourself in this action**, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.
1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Rockingham Superior Court** as the location.
3. Select "I am filing into an existing case". Enter **218-2021-CV-00957** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

**Filed**
**File Date: 9/14/2021 9:56 AM**
**Rockingham Superior Court**
**E-Filed Document**

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS
SUPERIOR COURT
218-2021-cv-00957

Ashley Rembis
5 Kayla Avenue
Salem, NH 03079

v.

Maxi Drug North, Inc.
30 Hunter Lane
Camp Hill, PA 17011

**COMPLAINT (Jury Trial Requested)**

NOW COMES the plaintiff Ashley Rembis, by and through her attorneys Douglas, Leonard & Garvey, P.C. and respectfully submits the within Complaint, stating as follows:

**I.   Parties**

1. The plaintiff Ashley Rembis is a former employee of the defendant and resides at 5 Kayla Avenue, Salem, New Hampshire.

2. The defendant Maxi Drug North, Inc. is a Delaware corporation with a principal place of business located at 30 Hunter Lane, Camp Hill, Pennsylvania. The defendant owns and operates Rite Aid stores, including the Nashua, New Hampshire, store where the plaintiff was employed.

**II.   Jurisdiction and Venue**

3. The Court has subject matter jurisdiction over this matter pursuant to RSA 491:7. The Court has personal jurisdiction over the defendant pursuant to RSA 510:4, I, because the defendant transacts business within the State.

4. Venue is proper because the plaintiff resides in Rockingham County.

1

### III.   Facts

5.   The defendant employed Ms. Rembis as a pharmacist at its Rite Aid store located at 331 Main Street, Nashua, New Hampshire, beginning on or about December 27, 2016.

6.   Ms. Rembis was qualified for her position and performed her employment responsibilities well. "Ashley, thank you for all your positive contributions to your store team and our organization in FY18," Ms. Rembis's supervisor Brenden Rock wrote in a performance review administered to her on or about May 4, 2018. "There's a lot going really well at your store and you should be proud of your team and celebrate," Mr. Rock further complimented Ms. Rembis in a July 19, 2018, e-mail. "[Y]ou are an awesome leader…." Mr. Rock added.

7.   In or around the early summer of 2018, a pharmacy assistant who reported to Ms. Rembis, Jacaska Bryant, began behaving in a threatening manner towards Ms. Rembis. In one incident that particularly troubled Ms. Rembis, Ms. Bryant advised Ms. Rembis that she always carried a box cutter with her and that she had used it to stab a former significant other. Ms. Bryant also told Ms. Rembis that Ms. Bryant had gotten into a conflict with a former manager at a former place of employment and had made that manager's life "a living hell."

8.   On or about July 13, 2018, Ms. Rembis submitted an anonymous complaint to the defendant's Human Resources department regarding Ms. Bryant's threatening behavior.

9.   Human Resources District Leader Akilah Wilks contacted Ms. Rembis regarding the complaint and scheduled a July 25, 2018, meeting. Ms. Rembis disclosed to Ms. Wilks that she had submitted the complaint.

10.   Ms. Rembis met with Human Resources District Leader Wilks on or about July 25, 2018, at which meeting Ms. Rembis wrote a statement in Ms. Wilks' presence and at her direction concerning Ms. Bryant's threats. Ms. Wilks advised Ms. Rembis that she would be visiting the

store to take statements from the store's other pharmacists, from Ms. Bryant and from other employees with relevant information. Ms. Wilks instructed Ms. Rembis that, if other incidents occurred, Ms. Rembis should have witnesses prepare statements to be forwarded to Ms. Wilks and/or provided to the Store Manager on duty.

11. The night of July 27, 2018, while Ms. Rembis was working, she heard Ms. Bryant yell, "Ashley!" Ms. Rembis found Ms. Bryant leaning against a door near the women's restroom, appearing to have slipped on water on the floor. Ms. Rembis helped Ms. Bryant to a bathroom stall at her request and then reported the incident to the Store Manager on duty, Angela Hebert. Ms. Hebert helped Ms. Bryant report the injury to the defendant's workers' compensation carrier.

12. Ms. Rembis related her knowledge of the July 27, 2018, incident to the adjuster for the defendant's workers' compensation carrier on or about July 30, 2018.

13. Fellow employees then reported to Ms. Rembis that Ms. Bryant was again uttering threats about her based on an unfounded belief that Ms. Rembis had somehow reported to the workers' compensation adjuster that Ms. Bryant had faked the accident.

14. On or about August 2, 2018, Human Resources District Leader Wilks visited the store for the expressed purpose of interviewing witnesses in connection with investigating Ms. Rembis' reports of threats of workplace violence. Human Resources District Leader Wilks abruptly left the store shortly after arriving, however. Ms. Wilks failed to complete any witness interviews during her visit, upon information and belief.

15. By early August of 2018, store management instructed Ms. Rembis to park her car directly in front of store out of a concern that Ms. Bryant would vandalize Ms. Rembis' vehicle. Store management further instructed Ms. Rembis that she was not to leave the store at night unless accompanied by another employee, due to Ms. Bryant's threats.

16. On or about August 10, 2018, Ms. Rembis asked Human Resources District Leader about the status of the defendant's purported investigation. Not at that time—nor at any other time—did Ms. Rembis receive any substantive communication from the defendant about what investigation—if any—the defendant conducted in response to Ms. Rembis' reports of threats of workplace violence.

17. Under the defendant's own policies, Ms. Rembis had "the right to work in an environment that is safe and free from <u>threats</u> and acts of violence." Emphasis supplied. Upon receiving reports of threats of workplace violence such as those made by Ms. Rembis, the defendant should open an Ethics Point file, interview witnesses with relevant information, and develop investigation findings, according to the defendant's own policies.

18. Notwithstanding Ms. Rembis' reports that Ms. Bryant had made threats of workplace violence against her, Human Resources District Leader Wilks instructed Ms. Rembis to administer a final warning to Ms. Bryant on or about August 17, 2018, because Ms. Bryant failed to report for a shift.

19. On or about August 18, 2018, Ms. Rembis forwarded Human Resources District Leader Wilks a witness statement concerning threatening comments made by Ms. Bryant. In so doing, Ms. Rembis followed Ms. Wilks' instructions given at the July 25, 2018, interview. Ms. Wilks reproved Ms. Rembis in response, writing, "May I ask, who authorized you to involve yourself into this investigation?"

20. On or about August 21, 2018, Ms. Rembis called Mr. Rock regarding her difficulties scheduling pharmacy technicians due to work restrictions claimed by Ms. Bryant related to Ms. Bryant's alleged work-related injury. Although Ms. Bryant's doctor had cleared her to work effective July 31, 2018, Ms. Bryant continued to claim that she could not move her neck

4

and was therefore limited in her work activities. Ms. Rembis consulted with Mr. Rock regarding how to address the understaffing of the pharmacy resulting from Ms. Bryant's claimed inability to perform pharmacy technician tasks. Mr. Rock agreed with Ms. Rembis to have Ms. Bryant work some hours in the front of the store performing activities within her capabilities.

21. After an incident occurring on or about August 30, 2018, in which Ms. Bryant screamed at another pharmacist in front of customers, Mr. Rock called Ms. Rembis on or about August 31, 2018, and asked her to meet with Ms. Bryant to administer another final warning. Ms. Rembis advised Mr. Rock that she was uncomfortable having such disciplinary interactions with Ms. Bryant because of Ms. Bryant's threatening behavior. Ms. Rembis again reported Ms. Bryant's comments about carrying a box cutter with her at all times and about her having used it to stab a former lover. Ms. Rembis reported to Mr. Rock that store management told her to park her car at the front of the store in view of the cameras because management feared that Ms. Bryant would damage Ms. Rembis' car. Ms. Rembis further reported that another store employee would escort her to her car each night because of fears that Ms. Bryant would carry out her threats towards Ms. Rembis. Mr. Rock said that Ms. Bryant only made her threatening comments because Ms. Bryant was "mad at [Ms. Rembis] for reprimanding her," as if to excuse Ms. Bryant's threats. Ms. Rembis sobbed, frustrated that the defendant failed to take her concerns seriously.

22. Human Resources District Leader Wilks next e-mailed Ms. Rembis on or about September 5, 2018, asking why Ms. Bryant continued to work as a pharmacy technician when Ms. Bryant had failed to complete the Rite Aid Pharmacy Technician Certification Training Program (the Program) within six (6) months of her date of hire, as required.

23. Ms. Rembis asked Mr. Rock for guidance as to what action to take in response to Ms. Wilks' e-mail. Mr. Rock told Ms. Rembis to schedule Ms. Bryant for the evening of

September 10 so that both of them could meet with Ms. Bryant, telling Ms. Rembis that he would visit the store "to help support the conversation."

24. At the September 10, 2018, meeting, Mr. Rock informed Ms. Bryant that she could no longer work as a pharmacy technician because of her failure to complete the Program. Mr. Rock advised her that she faced termination or a transfer to a part-time position in the front of the store. The defendant offered Ms. Bryant a part-time position because no full-time positions in the front of the store were available.

25. The defendant suspended Ms. Rembis without explanation on or about September 20, 2018.

26. The defendant fired Ms. Rembis on September 24, 2018. In a meeting with Human Resources District Leader Wilks and Mr. Rock, Ms. Wilks advised Ms. Rembis that the defendant had decided to terminate her for retaliating against Ms. Bryant by cutting Ms. Bryant's hours. Ms. Rembis protested that she had not initiated any reductions in Ms. Bryant's hours. Ms. Rembis explained that reductions in Ms. Bryant's hours had only been implemented in consultation with Mr. Rock and that they had been attributable either to Ms. Bryant's restrictions associated with her alleged work-related injury or to the defendant's decision that Ms. Bryant could no longer work as a pharmacy technician due to her failure to complete the Program. The defendant remained steadfast in its decision to fire Ms. Rembis.

## COUNT I

### (Wrongful Discharge)

27. The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

28.     The defendant fired Ms. Rembis with bad faith and/or malice. The defendant exhibited bad faith and/or malice towards Ms. Rembis by firing her without giving her any prior warning that her employment was in any jeopardy or that she somehow needed to correct her performance. In addition, the defendant showed bad faith and malice towards Ms. Rembis by ordering her to administer discipline to an employee whom Ms. Rembis had reported for threatening her with violence. The defendant further exhibited bad faith and malice towards Ms. Rembis by stating a pretextual reason for her firing. The reduction in Ms. Bryant's hours could not have formed the basis for the defendant's decision to fire Ms. Rembis because Ms. Rembis did not initiate any decision to reduce Ms. Bryant's hours. Any reductions in Ms. Bryant's hours had only been implemented in consultation with Mr. Rock and had been attributable either to Ms. Bryant's restrictions associated with her alleged work injury or to Ms. Bryant's inability to continue working as a pharmacy technician due to Ms. Bryant's failure to complete required training.

29.     The defendant fired Ms. Rembis in retaliation against her for performing acts encouraged by public policy, including Ms. Rembis' acts of reporting threats of workplace violence and her acts questioning the status of the defendant's alleged investigation. Public policy (and, indeed, the defendant's own policies) encourage employees to report threats of workplace violence and to advocate for their employers to take reasonable steps to provide a safe workplace.

30.     As a direct and proximate result of the defendant's wrongful discharge, the plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life. The plaintiff is further entitled to enhanced compensatory damages based on the wanton, malicious and/or oppressive nature of the defendant's conduct.

REQUEST FOR RELIEF:

WHEREFORE, the plaintiff Ashley Rembis respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Award the plaintiff damages for lost wages and lost employment benefits;

C. Award the plaintiff compensatory damages;

D. Award the plaintiff enhanced compensatory damages;

E. Award the plaintiff interest and costs; and

F. Grant such other and further relief as is just and equitable.

    Respectfully submitted,

    ASHLEY REMBIS
    By her attorneys,
    DOUGLAS, LEONARD & GARVEY, P.C.

Dated: September 14, 2021    By:    /s/ Benjamin T. King
    Benjamin T. King, NH Bar #12888
    14 South Street, Suite 5
    Concord, NH 03301
    (603) 224-1988
    benjamin@nhlawoffice.com

8